UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| RICKEY REYES MARTINEZ, | ) | |
| Institutional ID No. 59956 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:10-CV-00187-BG |
| KEITH ANGUISH, *et al.*, | ) | ECF |
| | ) | |
| Defendant(s). | ) | |

**REPORT AND RECOMMENDATION**

**Procedural History**

Proceeding *pro se* and *in forma pauperis*, Plaintiff Rickey Reyes Martinez filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on December 9, 2010. On January 5, 2011, the case was assigned to the undersigned U.S. Magistrate Judge for further proceedings. On January 10, 2011, the undersigned entered an "Order Setting Evidentiary Hearing" scheduling a hearing for 10:00 a.m. on February 15, 2011, pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), and 28 U.S.C. § 1915A. That order was mailed to Martinez at his address of record on the date of issuance. On February 15, 2011, the undersigned called this case at the appointed time for the scheduled evidentiary hearing. Martinez did not appear for the hearing. On February 28, 2011, Martinez filed a motion to reset the evidentiary hearing, which was denied on March 9, 2011. On April 28, 2011, Martinez renewed his motion to reset the hearing. There has been no activity in this case since that date.

Pursuant to the order of assignment dated January 5, 2011, the undersigned now files this Report and Recommendation.

## Discussion

A district court may dismiss an action for want of prosecution *sua sponte* when a party fails to be present for a scheduled court appearance. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 627–36, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). Courts have this inherent authority so that they can "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. "Failure to attend a hearing is a critical default." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

In the instant case, Martinez did not appear for his scheduled hearing on February 15, 2011. In his motions dated February 28, 2011, and April 28, 2011, Martinez acknowledges that he timely received the "Order Setting Evidentiary Hearing" but asserts that he misunderstood the order because it contained two hearing dates: February 15, 2011, and February 25, 2011. A review of court records reveals that "February 25, 2011" does not appear anywhere on the "Order Setting Evidentiary Hearing." Accordingly, Martinez's motion dated April 28, 2011, is "inadequate to explain his failure to attend" his scheduled hearing on February 15, 2011. *Link*, 370 U.S. at 633.

## Recommendation

For the foregoing reasons, the undersigned recommends that the U.S. District Court **DENY** Martinez's motion dated April 28, 2011, and **DISMISS** Martinez's complaint in its entirety without prejudice for want of prosecution.

## Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)

2

(2011); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 13, 2011.

_____
NANCY M. KOENIG
United States Magistrate Judge